# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| RHONDA M. MCLEMORE § <br> § <br> v. § <br> § <br> WALMART INC., LLC TEXAS STORES, § <br> ET AL. § <br> § | Civil Action No. 4:18-CV-689 <br> (Judge Mazzant/Judge Nowak) |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On January 31, 2020, the report of the Magistrate Judge (Dkt. #127) was entered containing proposed findings of fact and recommendations that Defendant Sudah Kuchimanchi's ("Kuchimanchi") Motion to Dismiss Plaintiff's Fourth Amended Complaint (Dkt. #65) be granted. Having received the report of the Magistrate Judge, having considered Plaintiff's Objections (Dkt. #139), Defendant's Response (Dkt. #144), and having conducted a de novo review, the Court is of the opinion that the Magistrate Judge's report should be adopted.

## RELEVANT BACKGROUND

Plaintiff has sued Defendant Wal-Mart Stores Texas LLC ("Wal-Mart") and various employees of Wal-Mart, including Kuchimanchi, for claims arising from the termination of her employment with Wal-Mart (Dkt. #50). Plaintiff alleges her termination arose, in part, from a visit from a "secret shopper" which resulted in Plaintiff receiving a written reprimand for the loss of the secret shopper's merchandise (Dkt. #81-8). Plaintiff alleges the merchandise was never really lost and that rather the event was an elaborate rouse meant to retaliate against Plaintiff for filing a charge of discrimination with the EEOC (Dkt. #81-8).

After multiple amendments to her Complaint, Plaintiff's Fourth Amended Complaint (Dkt. #50) purported to identify the secret shopper as "Sudah Kuchimanchi (AKA) Mohan Ram, Uday Kuchimanchi, Suday Kuchimanchi (4-stack developer Walmart Corporate Office[)]" (Dkt. #50 at p. 2). Kuchimanchi sought to dismiss Plaintiff's claims for lack of personal jurisdiction (Dkt. #65) and attached to her Motion to Dismiss, a sworn affidavit, stating that she is not a Texas resident, nor has she ever visited the Wal-Mart store in which Plaintiff worked (Dkt. #65-1). The Magistrate Judge recommended granting Kuchimanchi's Motion to Dismiss, finding the Court lacked both general and specific personal jurisdiction (Dkt. #127), and further that "[b]eyond naming Kuchimanchi in the style and list of Parties, Plaintiff does not otherwise refer to Kuchimanchi in the body of her . . . Complaint" (Dkt. #127 at p. 2).

## OBJECTIONS TO REPORT AND RECOMMENDATION

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3).

On February 24, 2020, Plaintiff filed an Objection to the Magistrate Judge's report (Dkt. #139). Therein, Plaintiff recognizes that Kuchimanchi is not a proper defendant to the instant suit, proclaiming, "I . . . would like to wholly apologize[] [f]or my repetitive mistake[/]misnomer (of naming . . . the wrong [D]efendant Mrs/Ms Sudah Kuchimanchi[)] . . ." (Dkt. #139 at p. 3). Plaintiff claims that she has now correctly identified the secret shopper and requests to be permitted to join "Mr[.] Uday Kuchimanchi of Price Waterhouse" as a necessary party (Dkt. #139 at p. 3). Kuchimanchi argues Plaintiff's admission that Kuchimanchi is not the correct defendant dictates that Kuchimanchi be dismissed. Defendant also points out that Plaintiff's deadline to add parties has long since passed (Dkt. #144 at p. 2 (citing Dkt. #31)).

Plaintiff's admission that Kuchimanchi is not a proper defendant to the instant suit warrants adoption of the Magistrate Judge's report and dismissal of Plaintiff's claims against Kuchimanchi. In her objections, Plaintiff raises the issue of adding the correct defendant. If Plaintiff desires to add a new party, Plaintiff shall file a motion to amend and demonstrate good cause why she should be allowed to add a new party.

## CONCLUSION

Having considered Plaintiff's Objection (Dkt. #139), and having conducted a de novo review, the Court adopts the Magistrate Judge's report (Dkt. #127) as the findings and conclusions of the Court. It is, therefore, **ORDERED** that Defendant Sudah Kuchimanchi's Motion to Dismiss Plaintiff's Fourth Amended Complaint (Dkt. #65) is **GRANTED**, and Plaintiff's claims against Defendant Sudah Kuchimanchi are **DISMISSED WITHOUT PREJUDICE** for lack of personal jurisdiction.

**IT IS SO ORDERED**.

SIGNED this 12th day of March, 2020.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE